UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


UNITED STATES OF AMERICA,
　　　　　　Plaintiff,

　　　　　　　　　　Criminal Action :  **H 17CR-514-1**

vs.

LUIS CARLOS DE LEON-PEREZ,

　　　　　Defendant
_____/


**DE LEON'S MOTION FOR LIMITED BILL OF
PARTICULARS , MEMORANDUM  IN SUPPORT THEREOF,
AND REQUEST FOR HEARING**


　　　Defendant, LUIS CARLOS DE LEON-PEREZ["DE LEON"] by

and through undersigned counsel, pursuant to Rule 7(f) Fed. R. Crim.

P. respectfully moves for an order directing the government to file a

bill of particulars and requests a hearing on this motion.

　　　The particulars requested below are essential to apprise the

defendant of the nature and cause of the accusations against him as

required by the Sixth Amendment. In addition, these requests are

necessary to provide an opportunity to prepare defenses, to avoid

prejudicial surprises at trial and to protect against a later prosecution

for the same offenses, as guaranteed by the Fifth Amendment.

*United States v. Fernandez*, 780 F.2d 1573 (11th Cir.1986); *United*

*States v. Mackey*, 551 F.2d 967 (5th Cir. 1977*)*.


*THE INDICTMENT*

      Counts 1,2 and 4-7 of the Indictment are all predicated

upon allegations that financial transactions involved proceeds of

specified unlawful activity- violations of the Foreign Corrupt Practices

Act- or that bribes were paid to a foreign official in violation of the

Foreign Corrupt Practices Act. The Indictment, however, generically

refers to <u>all payments</u> made to De Leon as "bribes". [Indictment

¶42,50,51,73,79, etc] Obviously, payments made to De Leon cannot

be "bribes" proscribed by the FCPA  because the Indictment

expressly alleges  he was not a "foreign official". [Indictment ¶ 7]

It is therefore critical for Mr. De Leon  to know exactly what

"foreign official[s]" were allegedly bribed by him, when the bribe was

paid, how much was paid, how it was transferred, <u>and for what</u>

<u>purpose</u>. It is essential for the Indictment to specify the purpose of

each alleged "bribe" to a foreign official because the FCPA does not

criminalize every payment to a foreign official. <u>United States v Kay</u>, 359 F.3d 738, 743 (5th Cir. 2004)( "no one contends that the FCPA criminalizes every payment to a foreign official:") . The Indictment absolutely fails to do this.

When an indictment alleging conspiracy merely states a common intent without identifying "the particulars of time, place, circumstances, causes etc., in stating the manner and means of effecting the object of the conspiracy.... a bill of particulars may be sought." <u>United States v Mobile Materials, Inc</u>., 871 F.2d 902,908 (10th Cir. 1989) *cert. denied*, 493 U.S. 1043 (1990)( *quoting* <u>Glasser v United States</u>, 315 U.S. 60,66 (1942)).

Each transaction or transfer of money constitutes a separate offense for purposes of "money-laundering". <u>United States v Kramer</u>, 73 F.3d 1067 (11th Cir. 1996). Thus it is essential for the indictment to particularize each transaction involving the transfer of alleged  illegal proceeds as well as the purpose sought to be accomplished that is violative of the FCPA. This Indictment merely lists a hodgepodge of possible illegal actions but fails to link any specific purpose to each transfer of proceeds to an identifiable foreign official.

For example, the indictment alleges that one possible illegal purpose was to secure a "payment priority" over other PDVSA

vendors. The defendant is aware of no case that has held that it is a violation of the FCPA to facilitate payment of a receivable which is legally due and owing to the payor.

The nature of the *quid pro quo* for each so-called "bribe payment" is a critical element of the offense. To be actionable under the FCPA, a payment to secure an "improper advantage" must "refer to something to which the payor was not clearly entitled...". <u>United States v Kay</u>, *supra* at p754 and all payments must be made "in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to any person..." 15 U.S.C. §78dd-2(a)(1).

This Indictment leaves the defendant to guess what transactions with foreign officials are charged and what illegal purposes each transaction is alleged to have accomplished.

Finally, it is essential to the defense to know the particulars about the alleged involvement of each co-defendant. These particulars relate specifically to the extent and scope of any conspiracy involving the defendant as well as the duration of such conspiracy. <u>United States v Hanson</u>, 41 F.3d 580,582 (10th Cir. 1994). Such particulars are essential because they also relate, *inter-alia*, to which alleged co-conspirator statements might be admissible

4

at DeLeon's trial, *see* Fed.R.Evid. 801(d)(2)(E), and whether the statement was made in furtherance of a conspiracy involving De Leon.

Count 1 charges that De Leon conspired with three foreign officials [Cesar-Rincon, Isturiz, and Reiter] to launder money in violation of 18 U.S.C. §1956(h). Yet the indictment alleges no transfer of any sort to or from De Leon (or Swiss Accounts 1,2,3, or 4 which are allegedly identified with De Leon, Villalobos, or Official "A"-a foreign official) to any of these officials or to any accounts in which they were interested. It also fails to allege any transfer of any sort from any of these foreign officials to De Leon (or to Swiss Accounts 1,2,3, or 4).

Instead the Indictment specifically alleges independent transfers from Rincon/Shiera (or their companies) directly to the three foreign officials (or their proxies or relatives). The Indictment also alleges independent transfers from Rincon/Shiera to De Leon and Swiss Account #1, and then from that account to Swiss Accounts #2,3,and 4 in which the three foreign officials had no interest whatsoever. There is no allegation that Swiss Accounts #1,2,3,or 4 (or De Leon or Villalobos) made any transfers or conducted financial transactions with any of the three foreign officials with whom they allegedly conspired to launder money.

To the contrary, the Indictment contains specific allegations that Rincon/Shiera dealt directly and independently with these foreign officials. For example, Rincon/Shiera paid Isturiz approximately $3,077,167 through his accounts identified in the Indictment as: Swiss Account #7, Curacao Account #1, and U.S. Account #1. [Indictment ¶ 91 through 108].

Rincon/Shiera directly paid Cesar-Rincon over $515,000 sent to Swiss Account # 8 and 9 [Indictment ¶100,101,119]. Rincon/Shiera paid Reiter over $2.8million by making transfers to Reiter Relative #1, Law Firm #1(to close a condominium), and FilmProductionCo. #1 (a Reiter Hollywood movie investment).[Indictment ¶110,111,115, 116,117,118]

In addition to the above transfers, the Indictment alleges multiple transfers of things of value directly to these foreign officials by Rincon/Shiera. For example, Isturiz and Cesar-Rincon got paid vacations [¶122,123]; Reiter got two armored cars worth over $100,000 each, a $10,000 handbag for Reiter Relative #1, and over $25,000 in school tuition payments for "Official B's" children.[¶124-127]

The above allegations show separate dealings between these foreign officials and Rincon/Shiera but no interdependence between

them and De Leon.  Moreover, the Indictment itself alleges that members of the alleged conspiracy individually solicited bribe payments from Rincon/Shiera.[Indictment ¶50]

Count 3 of the indictment charges a separate money laundering conspiracy against co-defendant Cesar-Rincon allegedly occurring during the same time frame as the conspiracy charged against De Leon in Counts 1 and 2.[Indictment ¶161]  Also separate substantive money laundering counts against Cesar-Rincon are charged in Counts 8 through 11 that do not involve De Leon in any manner. As such, the particulars of these separate counts are essential to the defense because they pertain to the issue of whether Cesar-Rincon was actually independent of any involvement with De Leon .

The same particulars are essential as to co-defendant Isturiz who is charged in separate money laundering counts [Indictment Counts12-16] and Reiter [Indictment Counts 17-20] during the same time frame involving Rincon/Shiera companies. The Indictment indicates that Isturiz and Reiter were also dealing independently with Rincon/Shiera quite separately from De Leon.

A bill of particulars is necessary because the indictment itself provides no indication as to the particulars of any alleged payment by De Leon to any foreign official such as, the date, amount,

means of transfer, purpose, or even the identity of the foreign official and provides no particulars as to the interaction, if any, between De Leon and any co-conspirator regarding bribes allegedly paid to a foreign official or any money-laundering dependence/interaction.

Necessary Particulars as to Counts 1 and 2.

Count 1 charges that De Leon conspired to commit money laundering in violation of 18 U.S.C. §1956(h). Specifically it alleges that De Leon engaged in financial transactions involving proceeds of specified unlawful activity, namely the bribery of a foreign official in violation of the Foreign Corrupt Practices Act [FCPA],§78dd-2, with intent to promote that unlawful activity, all in violation of 18 U.S.C. §1956(h).[Indictment ¶40,41]

Count 2 charges that De Leon conspired to violate the FCPA by bribing foreign officials in order to assist Rincon and Shiera, and their companies in "obtaining and retaining business for and directing business to Rincon, Shiera, their companies, and others" in violation of the FCPA, all in violation of 18 U.S.C. §371.[Indictment ¶129]

The following particulars are demanded and required :

1. As to each alleged bribe payment by De Leon to a foreign official:

    a. state the date of the payment and identify the account from which it was paid;

    b. state the amount of the payment;

    c. identify the foreign official to whom it was paid, and the account to which it was paid;

    d. identify specifically any new business contract  it was intended to secure;

    e. identify specifically any existing business contract it was intended to help retain;

    f. identify specifically any "corrupt" action the foreign official was to take upon receipt of the payment;

    g. identify specifically the "others" the government alleges is included in the indictment's allegation  "obtaining and retaining business for and directing business to Rincon, Shiera, their companies, *and others*" .[Indictment ¶130]


2. As to each bribe payment De Leon allegedly made to secure "for Rincon and Shiera, as well as others, the opportunity to

receive payment priority over other PDVSA vendors on

outstanding PDVSA invoices":[Indictment ¶132]

      a. state the date of the payment and identify the account

      from which it was paid;

      b. state the amount of the payment;

      c. identify the foreign official to whom it was paid, and the

      account to which it was paid;

      d. identify specifically the invoice it was intended to

      prioritize and as to each such invoice state whether the

      invoice was actually due and payable according to its

      terms;

      e. identify any law or contractual term that the

      government alleges would have legally justified PDVSA to

      refuse to pay the invoice;

      f. identify the date the invoice was paid by PDVSA, to

      whom, and the amount of the payment;

      g. identify the "others" the government alleges is included

      in the indictment's allegation "as well as for others".

3.    As to any payments allegedly made by De Leon to any

co-defendant [ Villalobos, Rincon-Godoy, Isturiz-Chiesa,

or Reiter-Munoz]:

a. state the date of the payment and identify the account

from which it was paid;

b. state the amount of the payment;

c. identify to whom it was paid, and the account to which

it was paid;

d. identify specifically the purpose of the payment;

e. identify specifically any new business contract, existing

business, invoice payment priority, or unfair business

advantage to which the payment relates.

4.    As to any payments allegedly made by any co-defendant

[ Villalobos, Rincon-Godoy, Isturiz-Chiesa, or Reiter-

Munoz] to De Leon:

a. state the date of the payment and identify the account

from which it was paid;

b. state the amount of the payment;

c. identify to whom it was paid, and the account to which

it was paid;

d. identify specifically the purpose of the payment;

e. identify specifically any new business contract, existing business, invoice payment priority, or unfair business advantage to which the payment relates.

5. Specifically with reference to the allegations contained in ¶74,75 of the indictment :

a. state the date that Rincon and Shiera controlled accounts made payments into "Swiss Account 1" and identify the account from which each was paid;

b. state the amount of each payment;

c. identify each collected PDVSA invoice for which each payment to "Swiss Account 1" was made and whether the payment amounted to 10% of collected invoices in accordance with the agreement alleged to exist in ¶ 50 of the indictment;

d. identify the date, amount, and purpose of each payment into "Swiss Account 1" that was not related to 10% of the amount of invoices actually collected from PDVSA;

e. identify specifically any new business contract for which the payment was made to "Swiss Account 1".

6. Specifically with reference to the allegations contained in ¶74 of the indictment :

a. state the date that transfers were made from "Swiss Account 1"  into "Swiss Accounts 2,3, or 4";

b. state the amount of each payment;

c. identify the actual and beneficial owners of "Swiss Accounts 1,2,3, and 4";

d. state the date and amount of any transfers from "Swiss Account 1" to any person or entity other than "Swiss Accounts 2,3, or 4" and the purpose for each transfer.

7. Regarding the allegations in ¶88 of the indictment:

a. state whether Rincon or Shiera or their companies made any payments to  Cesar-Rincon in response to this communication and, if so, the date of the payments and identify the accounts from which they were paid;

b. state the amount of each payment;

c. identify each person/entity to whom a payment was paid, and the account to which it was paid;

d. identify specifically any new business contract  it was intended to secure;

e. identify specifically any existing business contract it was intended to help retain;

f. identify specifically any collected  invoice to which it relates.

8. As to each alleged offer, promise,  transfer, or payment to to a foreign official made by De Leon or Villalobos as alleged in ¶129 of the Indictment:

a. state the date and terms of any offer, promise, transfer, or payment,  and identify any account from which a payment  was paid;

b. state the amount of the offer or payment;

c. identify the foreign official to whom it was offered or paid , and the account to which it was paid;

d. identify specifically the acts or decisions it was intended to influence and what "lawful duty" the foreign official was induced to violate;

e. identify specifically any "improper advantage" it was intended to secure;

f. identify specifically what contracts "Rincon, Shiera, and their U.S. companies" were assisted in obtaining,

14

retaining, or were otherwise directed to them by each

alleged tender.

9. Identify the beneficial owners, actual owners, registered

owners, and all authorized signators  from 2010 through 2013

of the following accounts referred to in the indictment:

Swiss accounts numbers 1 through 9; Curacao Account

1; U.S. Account 1.

10. Identify the actual corporate name and corporate

shareholders of the following companies referred to in the

indictment:

Rincon companies 1 through7; Shiera companies 1

through 6.

11. Identify the true names of the following individuals referred

to in the indictment:

Cesar Rincon Relative 1; Isturiz Associate 1; Reiter

Relative 1;Rincon Associate 1; Businessman 3; Swiss

Company A; Swiss Banker 1; Official A; Official B; Law

Firm 1; Production Company A;

12. Identify any payments made to or for the benefit of De Leon

which relates to the conversation which allegedly occurred on

November 30,2012, as alleged in ¶109 (and ¶158) of the

indictment and include the identity of the payer, the amount and date of payment, and the identity of the payee.

13. Identify specifically anything of value allegedly transferred to De Leon as alleged in ¶135 of the indictment including the date it was transferred, its value, and why it was given.

Necessary Particulars as to Counts 4-7.

These counts charge De Leon with substantive money laundering transactions in violation of 18 U.S.C. §1956 (a)(1)(B)(i) and 2.

14. As to each count[4-7], identify specifically the following:

a. the name of the foreign official who was allegedly bribed with or for the transferred proceeds;

b. state the date and amount of the bribe;

c. identify the account to which the bribe was paid;

d. identify specifically any new business contract the bribe was intended to secure;

e. identify specifically any existing business contract the bribe was intended to retain;

f. identify specifically any "corrupt" action the foreign official was to take upon receipt of the bribe;

g. identify specifically any Venezuelan law that this

payment violated;

h. identify specifically any invoice the bribe was intended

to prioritize and as to each such invoice state whether the

invoice was actually due and payable in full according to

its terms at the time of the payment.


MEMORANDUM OF LAW

Rule 7(f) of the Federal Rules of Criminal Procedure empowers

the Court to direct the Government to file a bill of particulars. The

Court has "very broad discretion" in ruling on such requests. *Will v.*

*United States*, 289 U.S. 90,98-99 (1967). "The proper office of a bill

of particulars in criminal cases is to furnish the defendant further

information respecting the charge stated in the indictment when

necessary to the preparation of his defense, and to avoid prejudicial

surprise at the trial", and when necessary for these purposes, it is to

be granted even though it requires "the furnishing of information

which in other circumstances would not be required because

evidentiary in nature" and an accused is entitled to this "as a right".

*United States v. United States Gypsum Co.*, 37 F.Supp. 398,402

(D.D.C. 1941); *see also*, *United States v. Butler*, 822 F.2d 1191,1193

(D.C.Cir. 1987). "The purpose of a bill of particulars is to amplify the indictment by providing missing or additional information so that the defendant can effectively prepare for trial" *United States v. Fletcher*, 74 F.3d 49,53 (4th Cir. 1996)cert denied, 519 U.S. 857 (1996).

*Request For Hearing On This Motion*

*The requested particulars should be provided immediately so that appropriate defense preparations can be made to effectively prepare for trial currently set for July 23rd ,2018. Accordingly Defendant requests that the government be ordered to provide a bill of particulars on a date certain to be set by the Court or, alternatively, that a hearing be set to determine the issues raised by this motion.*

WHEREFORE, DE LEON moves this court to direct the government to file a limited bill of particulars as requested for this purpose.

Dated:

Respectfully submitted:
*/s/ H. Frank Rubio*
H. Frank Rubio Esq.
FBN 212245
Attorney  for De Leon
1107 NE 104th Street
Miami Shores, Florida 33138
(305) 892-5297
Rubiolaw@aol.com

George J. Vila
George J. Vila Esq.
FBN 141704
Attorney for DeLeon
201 Alhambra Circle, Suite 702
Coral Gables, Florida 33134
(305) 445-2540
Gvila@givpa.com

## CERTIFICATE OF CONFERENCE

I hereby certify that on  April 25th , 2018, the undersigned counsel for De Leon conferred with Jeremy R. Sanders, counsel for the Government, regarding the relief requested in the foregoing motion but the parties were unable to reach agreement as to the relief requested by the motion

*S/ H. Frank Rubio*

H. Frank Rubio, Esq.

FBN 212245

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing motion was served on this 27th day of April, 2018, with the Clerk's CM/ECF system on all counsel of record pursuant to Rule 5.3 of the Local Rules of the U.S. District Court for the Southern District of Texas.

*<u>S/ H. Frank Rubio</u>*

H. Frank Rubio, Esq.

FBN 212245

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

## HOUSTON DIVISION

**UNITED STATES OF AMERICA,**

> **Plaintiff,**

> **Criminal No. H-17-514-1**

**v.**

**LUIS CARLOS DE LEON-PEREZ**

> **Defendant.**

## ORDER

**Upon consideration of defendant DE LEON's Motion for a Limited Bill Of Particulars and the memorandum in support thereof**

**IT IS: ORDERED, that the motion is granted and the Government shall provide the particulars requested within ___ days of the date of this order.**

**Signed in Houston, Texas on _____,**

_____

**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF TEXAS**